IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CR-6-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEONTRAYVIA ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's motion (D.E. 80), pursuant to Fed. R. Evid. 615, to exclude all witnesses from the courtroom during the hearing on defendant's motion to suppress, which is set for 21 July 2010. Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses."[1] Under this rule, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986). This rule, however, excludes from the sequestration requirement "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615(2). A government investigative agent involved in a criminal prosecution falls within this exception. *Farnham*, 791 F.2d at 334. Only one agent may be exempted from sequestration under this exception. *Id.* at 335; *see also* 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6245, at 80-81 (1997).

Defendant's motion to exclude witnesses is therefore GRANTED subject to the following conditions and exceptions: All hearing witnesses, other than those addressed below, shall be

---

[1] The few courts that have addressed the question of whether Rule 615 applies to suppression hearings have held that it does. *See, e.g., United States v. Warren*, 550 F.2d 219, 227 (5th Cir. 1977) (holding that the trial court erred in denying defendant's request to exclude government witnesses from a suppression hearing).

excluded from the hearing so that they cannot hear the testimony of other witnesses. All hearing witnesses shall be prohibited from revealing previous hearing testimony to any witnesses who have not yet testified. The government shall be allowed to designate one case agent, pursuant to Rule 615(2), to be present throughout the hearing even if that agent is expected to testify. Defendant may also be present throughout the hearing, even if he is expected to testify. *See* Fed. R. Evid. 615(1) (parties who are natural persons are excluded from sequestration).

SO ORDERED, this the 16th day of July, 2010.

James E. Gates
United States Magistrate Judge