THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-6-FL
No. 5:13-CV-380-FL

| | |
|---|---|
| DEONTRAYVIA ADAMS, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the government's motion to dismiss [DE-124] Petitioner Deontrayvia Adams' ("Adams" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-114, -116, -119]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On January 3, 2007, Adams was charged in a two-count indictment alleging that (1) he was a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (2) he knowingly possessed marijuana, in violation of 21 U.S.C. § 844(a). [DE-1]. He proceeded to a jury trial and was convicted on both counts. [DE-55]. On October 16, 2007, the sentencing court found an offense level of 33, including an enhancement based on application of the Armed Career Criminal

Act ("ACCA"),[1] and that Petitioner had a criminal history category of VI, resulting in an advisory guideline range of 235-293 months. Sentencing Tr. [DE-66] at 3:2-4:2. Additionally, the court found that conviction on Count One required a minimum sentence of 15 years and no more than life, while Count Two required a sentence ranging from 90 days to three years. *Id.* at 3:23-4:6. After overruling defense objections, the court sentenced Petitioner to 235 months on Count One and 36 months on Count Two (to run concurrently), as well as five years' supervised release. *Id.* at 12:17-13:5.

Petitioner appealed his conviction and sentence on four grounds: (1) the trial court abused its discretion by denying him the right to file a motion to suppress out of time; (2) trial counsel's failure to timely file the motion to suppress constituted ineffective assistance of counsel; (3) the trial court violated his Confrontation Clause rights by limiting cross-examination of witnesses; and (4) the sentencing court improperly classified him as an Armed Career Criminal. *United States v. Adams*, No. 07-4993, 378 F. App'x 304, 305 (4th Cir. May 14, 2010) (unpublished op.). The appellate court vacated Petitioner's conviction on the first ground, but found the other three assertions of error to be without merit, and ordered a limited remand for consideration of the suppression motion. *Id.* The appeals court instructed that if the district court denied the motion to suppress, Petitioner's conviction would be not be set aside. *Id.* On remand, a magistrate judge conducted an evidentiary hearing on the suppression motion and recommended that the suppression motion be denied, which recommendation was adopted by the district court and affirmed by the

---

[1] The Armed Career Criminal Act, 18 U.S.C. § 924(e), provides that a person "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another" qualifies as an armed career criminal and "shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

2

appeals court. *United States v. Adams*, No. 5:07-CR-6-FL-1, 2010 WL 5437237, at *5-12 (E.D.N.C. Oct. 8, 2010) (unpublished op.), *adopted by* 2010 WL 5437236 (E.D.N.C. Dec. 27, 2010), *aff'd*, 462 F. App'x 369 (4th Cir. Jan. 25, 2012).

On June 17, 2013, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) the ACCA is unconstitutional, rendering the enhancement to his sentence improper, Pet'r's Mot. [DE-116] at 9-17;[2] (2) the offenses resulting in Petitioner's ACCA enhancement were improper predicate offenses, *id.* at 17-23; and (3) trial counsel was ineffective for failing to file a motion to suppress and failing to obtain a video of petitioner's traffic stop, *id.* at 24-27. Petitioner also filed a notice of supplemental authority regarding the case of *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). [DE-127]. The government contends that Petitioner raised the first two claims on direct appeal and that the appellate court's decision foreclosed further challenges, Gov't's Mem. [DE-125] at 4-6, and that Petitioner cannot show *Strickland* prejudice as to his third claim, *id.* at 6-8.

## II. LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without

---

[2] The page numbers referenced in Petitioner's motion at docket entry 116 refer to the CM/ECF page number, Page __ of 27, assigned when the document was filed with the court.

3

jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B.      Rule 12(b)(6)**

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure ... to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); *see* Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ....").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A. Constitutional Challenges to the ACCA

Petitioner first argues that the ACCA is unconstitutional and, alternatively, that even if constitutional, the ACCA should not have been applied to enhance his sentence. Pet'r's Mot. [DE-116] at 9-23. The government argues that both of these claims were raised and disposed of on direct appeal of the original conviction. *See Adams*, 378 F. App'x at 305 ("We agree with him on the issue of the motion to suppress, but we find the other three contentions to be without merit."). However, Petitioner argues that he did not raise precisely the same arguments on appeal as he does now or that he is relying on new case law supporting his position. Pet'r's Reply [DE-126] at 3-6.

A petitioner may not relitigate claims previously raised on direct appeal unless one of two exceptions applies. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). First, a previously-decided claim may be raised on collateral attack if there has been an intervening change in the law since the issue was decided against the petitioner when it was first raised. *Davis v. United States*, 417 U.S. 333, 342 (1974). Second, a claim may be re-raised on collateral attack where the

5

Petitioner shows, by new and convincing evidence, that he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner does not argue or present new evidence tending to show that he is actually innocent and, therefore, must demonstrate a change in the law with respect to any issues considered by the appellate court on direct appeal.

### 1. The ACCA and the Right to Confrontation

Petitioner first argues that the ACCA requires unconstitutional judicial fact finding in violation of the Sixth Amendment. Pet'r's Mot. [DE-116] at 9-11. Petitioner made this argument on direct appeal, and it was rejected. *Adams*, No. 07-4993, Appellant's Opening Br. [DE-40] at 43-45; *Adams*, 378 F. App'x at 305. Petitioner now asserts that the cases of *United States v. Descamps*, — U.S. —, 133 S. Ct. 2276 (2013) and *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), have overruled *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), which held that "the Sixth Amendment permits a judge to find the fact of a prior conviction by a mere preponderance of the evidence, even if this fact raises the statutory maximum or minimum penalty for the current offense," *United States v. McDowell*, 745 F.3d 115, 123 (4th Cir. 2014) (citing *Almendarez-Torres*, 523 U.S. at 247), *petition for cert. filed*, — U.S.L.W. — (U.S. June 16, 2014) (No. 13-10640). Pet'r's Reply [DE-126] at 3-7. The Fourth Circuit, while acknowledging that reconsideration of *Almendarez-Torres* may be warranted, has recently held that the case "remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary." *McDowell*, 745 F.3d at 124; *United States v. Graham*, 711 F.3d 445 (4th Cir. 2013) ("[W]e are bound by *Almendarez–Torres* unless and until the Supreme Court says otherwise."), *cert. denied*, — U.S. —, 134 S. Ct. 449 (2013). Accordingly, the Fourth Circuit having rejected Petitioner's argument that the ACCA violates the Sixth Amendment and there being no subsequent change in the law,

6

Petitioner may not relitigate this claim and it should be dismissed.

### 2. The ACCA and Equal Protection

Petitioner next argues that the ACCA violates the equal protection clause because its application varies based on the state in which the predicate conviction occurred. Pet'r's Mot. [DE-116] at 13-17. For example, Petitioner asserts that due to North Carolina's sentencing scheme prior to 1994, offenders committing the same offenses in several other states would not be subject to the ACCA enhancement and also that offenders committing the same offenses in North Carolina after the 1994 sentencing changes would not be subject to the ACCA enhancement, creating "irrational classifications" in violation of equal protection. *Id.* The Fourth Circuit has consistently rejected equal protection challenges to the ACCA. *See United States v. Staples*, 444 F. App'x 706, 707-08 (4th Cir. Aug. 29, 2011) (unpublished op.) (citing *United States v. Presley*, 52 F.3d 64, 67-68 (4th Cir. 1995) (holding the ACCA "is rationally related to a valid purpose of criminal law—incapacitation—and therefore does not violate the Equal Protection Clause of the Constitution")); *see also United States v. Montford*, 458 F. App'x 300, 302 (4th Cir. Dec. 15, 2011) (unpublished op.) (rejecting argument that convictions do not qualify as predicate offenses under the ACCA because the law has changed in North Carolina and the crimes of which defendant was convicted no longer carry ten-year maximum prison terms). Accordingly, Petitioner's argument that the ACCA violates equal protection is foreclosed by Fourth Circuit precedent and this claim should be dismissed.

### B. The ACCA Predicate Convictions

#### 1. The Validity of the Predicates

Petitioner argues that his 1994 plea was not knowingly and voluntarily made because he was

7

not aware that his plea might subject him to a future 15 year sentence as a result of the ACCA and was, thus, deprived of his Sixth Amendment rights. Pet'r's Mot. [DE-116] at 17-19. While Petitioner did challenge other aspects regarding the validity of his prior convictions on direct appeal, he did not raise this precise argument. *Adams*, No. 07-4993, Appellant's Opening Br. [DE-40] at 39-45. However, Petitioner's argument is foreclosed by Supreme Court precedent, which precludes collateral attack of a predicate conviction used to enhance a sentence, except where the defendant was denied the Sixth Amendment right to court-appointed counsel as established in *Gideon v. Wainwright*, 372 U.S. 335 (1973). *See Custis v. United States*, 511 U.S. 485, 493 (1994) (rejecting collateral attack of a prior conviction used for an ACCA enhancement); *see also Hunt v. United States*, No. 7:09-CR-34-FL, 2014 WL 1787774, at *5 (E.D.N.C. May 5, 2014) (unpublished op.) ("Whether a [] conviction may qualify under the ACCA is not dependent on whether it would have been free from challenge on appeal or collateral attack by virtue of a constitutional or other statutory error.") (citing *Custis*, 511 U.S. at 490-91); *Smith v. United States*, No. 5:03-CR-195-FL, 2007 WL 3112420, at *6 (E.D.N.C. Oct. 22, 2007) (unpublished op.) (rejecting petitioner's challenge to ACCA enhancement where petitioner contested the merits of the underlying conviction) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001); *Custis*, 511 U.S. at 497).

Petitioner does not assert that he was denied court-appointed counsel at the time of his predicate convictions, but rather that his counsel did not sufficiently advise him of a potential future consequence of his plea. Such error, even if supported, is insufficient to overcome the rule in *Custis*. *See Daniels*, 532 U.S. at 378 (rejecting argument that prior convictions used for purposes of ACCA enhancement were subject to collateral challenge "as the product of allegedly faulty guilty pleas and ineffective assistance of counsel") (citing *Custis*, 511 U.S. at 488); *see also United States v. Parker*,

8

No. CIV.A. 13-3325, 2014 WL 3952674, at *4 (E.D. Pa. Aug. 11, 2014) (unpublished op.) (rejecting argument that predicate could not be used under the ACCA where the state court did not inform the defendant that his guilty plea could later expose him (if he committed another crime) to sentencing in federal court under the ACCA) (citing *Custis*, 511 U.S. at 487). Accordingly, Petitioner's claim challenging the validity of the predicate convictions because they were not knowing and voluntary should be dismissed.

### 2. Predicates were not Qualifying Offenses

Petitioner first argues that the predicate drug offenses were not "serious" for purposes of the ACCA. Pet'r's Mot. [DE-116] at 20-22. Petitioner raised this argument on direct appeal, acknowledging Fourth Circuit case law to the contrary. *Adams*, No. 07-4993, Appellant's Opening Br. [DE-40] at 41 (citing *United States v. Newbold*, 215 F. App'x 289, 296 (4th Cir. 2007) (unpublished op.); *United States v. Williams*, 57 F. App'x 553, 556 (4th Cir. 2003) (unpublished op.)). Petitioner suggested that the Fourth Circuit's rulings did not follow the congressional intent of the ACCA and that his predicate drug convictions were not for "serious drug offenses." *Id.* at 41-42. The Fourth Circuit found the argument to be meritless, *Adams*, 378 F. App'x at 305, and Petitioner has directed the court to no subsequent change in the law. Accordingly, the Petitioner may not relitigate this claim and it should be dismissed.

Petitioner next argues that because the predicate offenses were resolved pursuant to a global settlement with one plea, they should count as one predicate offense as opposed to three. Pet'r's Mot. [DE-116] at 22. Petitioner asserted this argument on direct appeal, acknowledging Fourth Circuit case law to the contrary, *Adams*, No. 07-4993, Appellant's Opening Br. [DE-40] at 42, and the Fourth Circuit found the argument to be meritless, *Adams*, 378 F. App'x at 305. Petitioner has

filed in this proceeding a notice of subsequent authority regarding the case of *United States v. Davis*, 720 F.3d 215, 216 (4th Cir. 2013), which held that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement." However, the *Davis* case has been held by the Fourth Circuit not to apply to the ACCA. *See United States v. Carr*, No. 14-4045, 2014 WL 4748017, at *1 (4th Cir. Sept. 25, 2014) (unpublished op.) (concluding the district court properly determined *Davis* does not apply to the ACCA). Accordingly, there being no change in the law since the Fourth Circuit's rejection of this argument, Petitioner may not relitigate this claim and it should be dismissed.

Finally, Petitioner argues that the district court failed to make specific findings as to which offenses qualified as predicate offenses for the ACCA and that because he disputes whether the offenses qualify as ACCA predicates, the case must be remanded for a hearing as to the ACCA's application. Pet'r's Mot. [DE-116] at 22-23. The sentencing transcript leaves no doubt that the court found convictions 5, 9, 10, and 11 from the presentence report to be qualifying predicates for the ACCA enhancement. Sentencing Tr. [DE-116-6] at 4:22-5:15, 7:2-7, 10:17-12:16. Petitioner's arguments disputing that these convictions qualify as ACCA predicates have either been previously rejected by the Fourth Circuit or are not supported by existing law. Accordingly, there is no basis to remand this case for a hearing as to the ACCA's application.[3]

---

[3] Petitioner also attempts to recharacterize his claims under the ACCA as ineffective assistance of counsel claims, asking the court to find that his attorneys' failures to raise these issues in previous proceedings was ineffective assistance. Pet'r's Mot. [DE-116] at 26-27 ("To the extent that his attorney did not object to the ACCA application, or object to the findings in the PSR, his attorney was ineffective."). Petitioner is not "allowed to recast, under the guise of collateral attack, questions fully considered" by the appellate court. *Boeckenhaupt*, 537 F.2d at 1183 (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)). Furthermore, where Petitioner's arguments with respect to the ACCA's application have been found to be meritless, counsel cannot be said to have been deficient in failing to raise them before the district court. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at *11 (E.D.N.C. Mar. 14, 2008) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted).

10

C.   **Ineffective Assistance of Counsel Claims.**

Petitioner argues that his trial counsel was ineffective on three grounds: (1) for failing to obtain video footage of the traffic stop leading to Petitioner's arrest; (2) for failing to file a motion to suppress; and (3) for failing to object to the PSR. Pet'r's Mot. [DE-116] at 24-27. Petitioner also asserts that the video footage of the traffic stop was intentionally destroyed, rendering his conviction improper. *Id.* at 25-26. The government counters that these failures do not meet the *Strickland* standard for ineffective assistance of counsel. Gov't's Mem. [DE-125] at 6-8.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one"). Where circumstances exist that are "so likely to prejudice the accused that the cost of litigating their effect is unjustified," such as a complete denial of counsel or where the attorney fails to act as the

11

government's adversary, prejudice is presumed and no independent showing is required. *United States v. Cronic*, 466 U.S. 648, 658-66 (1984).

First, Petitioner argues that trial counsel was ineffective for failing to secure video footage that would have proved the traffic stop leading to his arrest was illegal. Pet'r's Mot. [DE-116] at 24. Petitioner further argues that the government deliberately destroyed the video and that his attorney's failure to secure a copy before the alleged destruction rendered him unable to adequately challenge the stop. Petitioner concedes that "no video of this stop exists" and posits the government intentionally destroyed the evidence. *Id.* at 25-26. However, Petitioner also seems to acknowledge that the video may well have never existed at all. *Id.* at 25. It is unclear how counsel was ineffective in failing to request a video that never existed or was destroyed, and Petitioner provides nothing more than speculation in support of his assertion that the government destroyed evidence.

Likewise, Petitioner's further speculation that the video would have resolved a critical factual dispute between a defense expert and the officer with respect to the stop is insufficient to establish *Strickland* prejudice. Petitioner argued on appeal that the district court's finding that the officer saw Petitioner not wearing a seat belt was clearly erroneous. *Adams*, Nos. 07-4993, 11-4035, Appellant's Supplemental Opening Br. [DE-85] at 32-37. The court of appeals rejected this argument, *Adams*, 462 F. App'x at 375-76, but Petitioner now asserts that a video of the stop would have resulted in resolution of this factual dispute in Petitioner's favor. Petitioner's theory is untenable, however, because at the point the officer observed the seat belt violation, the traffic stop had yet to be initiated. *Adams*, 462 F. App'x at 371. Thus, Petitioner's speculation that a video of the traffic stop would have undermined the officer's testimony that he could see Petitioner was not wearing a seatbelt is unfounded. Moreover, Petitioner was permitted to submit to the court a video simulating the events

12

surrounding the stop, which was prepared by defense expert witness Catherine Flowers, a licensed private investigator and former officer in the Raleigh Police Department. Mem. & Recommendation [DE-96] at 3. Accordingly, Petitioner has failed to present a viable argument that he was prejudiced by counsel's failure to request a video that in all likelihood never existed.

Next, Petitioner claims that counsel's failure to timely file a motion to suppress constituted ineffective assistance. Pet'r's Mot. [DE-116] at 24-25. This claim was rejected on direct appeal by the Fourth Circuit, *Adams*, 378 F. App'x at 305, and may not be relitigated. Moreover, Petitioner successfully appealed to the Fourth Circuit a claim that the trial court's refusal to hear his untimely suppression motion was an abuse of discretion. *Adams*, 378 F. App'x at 305. On remand, the court conducted an evidentiary hearing on Petitioner's motion to suppress and denied the motion, which decision was affirmed by the court of appeals. *Adams*, 462 F. App'x at 370-71. Therefore, because his claims were ultimately heard and rejected by the district and appellate courts, Petitioner cannot demonstrate any reasonable likelihood of a different outcome had counsel filed a timely motion. *Strickland*, 466 U.S. at 694.

Petitioner alternatively argues that counsel's failure to timely move to suppress the evidence cost him the "best window of opportunity to negotiate" a plea with the government and that the remand did not remedy this prejudice. Pet'r's Mot. [DE-116] at 24-25. Even in the absence of a suppression motion, however, Petitioner had seven months time between the issuance of the indictment, which was returned in January 2007, and the jury trial, conducted in July 2007, in which to attempt to negotiate a plea. That window provided ample opportunity for Petitioner to inform his attorney that he wished to negotiate a plea deal and to direct other strategic matters of his defense. Yet, Petitioner pled not guilty and went to trial. He has not asserted that he sought or would have

13

accepted a plea agreement from the government had one been offered. More importantly, the suppression motion was ultimately filed and rejected by the district court and on appeal, seriously undermining Petitioner's theory that the filing of the motion would have given him bargaining power resulting in a favorable plea offer from the government. Accordingly, Petitioner has failed to sufficiently allege that he was prejudiced by counsel's failure to file a timely suppression motion.

Finally, Petitioner asserts that counsel was ineffective for failing to object to the presentence report, specifically with respect to the application of the ACCA sentencing enhancement. Pet'r's Mot. [DE-116] at 26-27. Counsel did in fact object to application of the ACCA to enhance Petitioner's sentence, and the court overruled the objection. Sentencing Tr. [DE-116-6] at 4:22-5:15. Counsel further made policy arguments against the ACCA in urging the court to sentence Petitioner on the low end of the guideline range of 235 to 293 months on Count One, and the court imposed a 235 month sentence. *Id.* at 6:16-9:4, 12:17-13:2. Furthermore, as explained above, where Petitioner's arguments with respect to the ACCA's application have been found to be meritless, counsel was not deficient in failing to raise them before the district court. Accordingly, Petitioner's claim of ineffective assistance of counsel should be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-124] be ALLOWED and Petitioner's § 2255 petition [DE-114, -116, -119] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain

14

error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 31st day of October 2014.

/s/ Robert B. Jones, Jr.
Robert B. Jones, Jr.
United States Magistrate Judge

15

Case 5:07-cr-00006-FL    Document 129    Filed 10/31/14    Page 15 of 15