IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-6-FL
No. 5:13-CV-380-FL

| | |
|---|---|
| DEONTRAYVIA ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (DE 114, 116, 119).[1] The government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 124), and petitioner responded. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 129). Petitioner timely filed objections to the M&R. In this posture, the issues rased are ripe for ruling. For the reasons stated below, the government's motion is granted.

### BACKGROUND

Indictment was filed against petitioner January 3, 2007, alleging 1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and 2) possession of marijuana, in violation of 21 U.S.C. § 844(a). Prior to trial, but after the court's deadline for filing pre-trial

---

[1] As detailed below, petitioner originally filed motion to vacate, set aside, or correct his sentence on May 28, 2013 (DE 114), then refiled his motion June 6, 2013 (DE 116), and again on June 17, 2013 (DE 119). All three motions raise the same substantive arguments and the court addresses them collectively.

motions, petitioner filed a motion to suppress and request for evidentiary hearing, along with a motion to reopen the period to file motions and a motion to continue. The court denied petitioner's motions for failure to comply with scheduling deadlines. A jury subsequently convicted petitioner of both counts.

Petitioner was sentenced October 16, 2007. At sentencing, petitioner was found to be an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The court assessed petitioner's criminal history at Category VI, based on petitioner's Armed Career Criminal status, as well as 18 points assigned to petitioner's criminal history. See U.S.S.G. § 4B1.4, Ch. 5 Pt. A (2007). Petitioner's base offense level was calculated to be 24. Another four points were added to his offense level due to his use of the firearm in question in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6). However, petitioner's adjusted offense level was set at 33 due to his Armed Career Criminal status. See U.S.S.G. § 4B1.4(b)(3)(B). Based on this criminal history and offense level, the court sentenced petitioner to 235 months imprisonment and five years' supervised release on Count One, and 36 months imprisonment with one year supervised release on Count Two, to run concurrently with Count One.

Petitioner appealed his conviction and sentence on four grounds. Specifically, petitioner asserted that: 1) the court abused its discretion when it denied his right to file a motion to suppress; 2) his trial counsel's failure to timely file the motion constituted ineffective assistance; 3) the court violated petitioner's Confrontation Clause rights by limiting cross-examination of key witnesses, and 4) that he was improperly classified as an Armed Career Criminal. See United States v. Adams, 378 F. App'x 304, 305 (4th Cir. 2010). The Fourth Circuit rejected petitioner's argument on the latter three grounds of appeal, but vacated petitioner's conviction because it found that an evidentiary hearing on his suppression motion should have been granted. Id. The Fourth Circuit

ordered a limited remand for an evidentiary hearing on the motion to suppress, and instructed the court to award a new trial if the motion prevailed. However, the Fourth Circuit noted that petitioner's conviction would be reinstated if the motion was denied. Id.

The motion to suppress was referred to United States Magistrate Judge James E. Gates, who on October 8, 2010, issued a memorandum and recommendation that the motion be denied. The court adopted the recommendation on December 27, 2010, and petitioner again appealed. The Fourth Circuit affirmed. United States v. Adams, 462 F. App'x 369 (4th Cir. 2012).

Petitioner originally filed motion to vacate, set aside, or correct his sentence on May 28, 2013 (DE 114). The court noted that petitioner's motion did not substantially follow the form appended to the Rules Governing Section 2255 Proceedings ("Section 2255 Rules"), as prescribed by Rule 2(c) of the Section 2255 Rules and Local Civil Rule 81.2, and directed petitioner to refile his motion. Subsequently, on June 6, 2013, petitioner refiled his motion to vacate (DE 116). Eleven days later, he filed a "corrected" motion to vacate (DE 119). The government filed its motion to dismiss September 10, 2013. Petitioner filed a notice of supplemental authority in support of its petition on April 14, 2014, attaching United States v. Davis, 720 F.3d 215 (4th Cir. 2013). On October 31, 2014, the magistrate judge issued M&R recommending dismissal.

## DISCUSSION

A.     Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

4

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Petitioner's objections raise several challenges to ACCA's constitutionality and its application to his case. In addition, petitioner objects to the magistrate judge's recommendation that prior counsel in his case did not provide ineffective assistance when it failed to timely file a motion to suppress. None of these arguments prevail.

    1.    Challenges to ACCA

ACCA provides that a defendant convicted of violating 18 U.S.C. § 922(g) who has three previous convictions for offenses constituting a "violent felony" or a "serious drug offense," or both, committed on occasions different from one another, shall be imprisoned at least 15 years. 18 U.S.C. § 924(e)(1). A "violent felony" includes "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device" that would be "punishable by imprisonment for [at least one year] if committed by an adult, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id., § 924(e)(2)(B). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). At the time of petitioner's sentencing in October 2007 (as remains the case now), these provisions were implemented into the United States Sentencing Guidelines in section 4B1.4. U.S.S.G. § 4B1.4, Background Cmt. (2007).

As noted, petitioner's offense of conviction in this case fell under 18 U.S.C. § 922(g). Petitioner's conviction under state law on two counts of assault with a deadly weapon inflicting

5

injury, committed January 27, 1991, when petitioner was a juvenile, was found to qualify as a "violent felony." Petitioner was also found to have three prior convictions that constituted "serious drug offenses": 1) one count of possession with intent to sell or deliver cocaine, committed July 7, 1993; 2) one count of possession with intent to sell or deliver cocaine, committed April 7, 1994; and 3) one count of possession with intent to sell and deliver heroin, committed May 11, 1994. Because all four convictions were for crimes committed on different occasions, they were found to be predicate offenses and were used as the basis for petitioner's classification as an Armed Career Criminal. See (Sentencing Tr., 4-5, 12) (DE 66); PSR, ¶¶ 5, 9, 10, 11, 41.

Petitioner's objections raise four challenges to the ACCA enhancement, arguing that: 1) ACCA requires unconstitutional fact-finding in violation of the Sixth Amendment to the United States Constitution, 2) ACCA violates the Constitution's equal protection requirement, 3) ACCA should not have applied because, pursuant to a consolidated judgment for his drug offenses, petitioner did not have the requisite number of predicate convictions, and 4) ACCA should not have applied because petitioner received ineffective assistance of counsel in pleading guilty to his predicate state offenses, and said guilty plea was involuntary. The challenges are addressed in turn.

        a.        Unconstitutional Fact-Finding

Petitioner argues that the ACCA is unconstitutional because "any sentencing enhancement that requires findings of fact must be made by a jury, not a judge." (Obj., 5-6) (DE 132-1). In his original appeal, petitioner raised the issue that the application of ACCA constituted a Sixth Amendment violation by requiring a judge to make findings regarding the facts of prior convictions, despite the fact that such convictions were not pleaded in the indictment, submitted to the jury, and proven beyond a reasonable doubt. Adams, No. 07-4993, Appellant's Opening Br., 43-45 (DE 40).

6

The Fourth Circuit rejected the argument. See Adams, 378 F. App'x at 305 (finding petitioner's ACCA argument "to be without merit").

Ordinarily, a petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered . . . in his direct appeal." United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (quoting Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)) (brackets omitted). However, a previously-litigated claim may be raised again in cases where there has been an intervening change in law since the previous decision. Davis v. United States, 417 U.S. 333, 342 (1974). Petitioner argues for an intervening change of law as represented in the Supreme Court cases of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013) and United States v. Descamps, ___ U.S. ___, 133 S. Ct. 2276 (2013).

Alleyne related to the scope of the Due Process Clause and the Sixth Amendment's right to jury trial, as they relate to a court's power to find facts for purposes of applying certain sentencing enhancements. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). However, in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Court distinguished between "an element, *i.e.* . . . a 'fact necessary to constitute the crime'," and a "sentencing factor" which may affect sentencing, despite not requiring proof beyond a reasonable doubt. Id. at 239-242. The Court held that Congress had the constitutional power to treat a prior conviction as a sentencing factor which a court may apply without a jury finding, even if doing so raised the maximum penalty for the crime. Id. at 226-27, 243-47.

Subsequent Supreme Court decisions have addressed more forcefully judicial fact-finding that triggers increased mandatory sentences. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial

7

guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Id. at 490 (quoting Jones v. United States, 526 U.S. 227, 243 n. 6 (1999)). While Apprendi acknowledged the potential inconsistencies of the rationale underlying its decision with the holding in Almendarez-Torres, the Court expressly refrained from overruling prior precedent. See Apprendi, 530 U.S. at 490 ("Even though it is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today.").

In Alleyne, the Court extended Apprendi to apply to judicial findings that result in increased mandatory minimum sentences, as well as mandatory maximums. Alleyne, 133 S. Ct. at 2163. Again, however, the Court refused to revisit Almendarez-Torres. Id. at 2160, n.1. The Fourth Circuit recently addressed the implications of Alleyne with respect to judicial findings regarding prior convictions for purposes of applying ACCA. United States v. McDowell, 745 F.3d 115, 123 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (January 12, 2015). While noting the dubious status of Almendarez-Torres in the wake of Apprendi and Alleyne, the court also acknowledged the rule that, when "a Supreme Court precedent directly controls, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to the Supreme Court the prerogative of overruling its own decisions." McDowell, 745 F.3d at 124 (quoting Agostini v. Felton, 521 U.S. 203, 237 (1997)) (quotation marks and brackets omitted). Consequently, McDowell held that Almendarez-Torres "remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary." Id. at 124.

Descamps, which was decided before the McDowell decision, does not represent that contrary authority. In that case, the Supreme Court held that the "modified categorical approach" could not be applied to determine whether a statute that contains a single, indivisible set of elements constitutes a "violent felony" for purposes of applying ACCA. Descamps, 133 S. Ct. at 2282, 2293. The majority opinion in Descamps did not overrule Almendarez-Torres. It is true that Justice Thomas, who joined the 5-4 majority in Almendarez-Torres, wrote a concurring opinion urging the Court to reconsider the exception permitting judicial findings of prior convictions. Id. at 2294-95. Yet the fact that such a concurring opinion was written at all demonstrates that Almendarez-Torres remains binding. Furthermore, in McDowell the Fourth Circuit expressly noted Justice Thomas' abandonment of Almendarez-Torres, but nevertheless maintained that the case "remains good law." McDowell, 745 F.3d at 124.

The court remains bound by the directly-controlling authority of Almendarez-Torres and McDowell, and declines to hold ACCA unconstitutional for permitting judicial fact-finding with respect to predicate convictions.

        b.    Equal Protection

Petitioner argues that ACCA violates the equal protection because it varies based on the state where the predicate conviction occurred. He also argues an equal protection violation because North Carolina's sentencing laws changed significantly within months of his state law guilty plea, and would have resulted in sentences subject to maximum penalties of less than 10 years had petitioner pled guilty under the revised sentencing regime.[2] Petitioner did not raise this argument in either his

---

[2] Petitioner's convictions for assault with a deadly weapon inflicting serious injury, for possession with intent to sell or deliver cocaine, and for possession with intent to sell or deliver heroin were all categorized as Class H felonies. See N.C. Gen. Stat. § 14-32(b) (1991) (assault with deadly weapon inflicting serious injury is a Class H felony); N.C. Gen. Stat. § 90-89(b) (1994) (classifying heroin as a Schedule I substance); N.C. Gen. Stat. § 90-90(1) (1994) (classifying cocaine as a Schedule II substance); N.C. Gen. Stat. § 90-95(a)(1), (b)(1) (1993) (effective until October 1, 1994) (possession with intent to sell or deliver a Schedule I or II controlled substance is a Class H felony); see also Pet.'s Ex.

9

original appeal or his appeal after remand. Adams, No. 07-4993, Appellant's Opening Br., (DE 40), Supp. Opening Brief (DE 85). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations omitted). Petitioner makes no such showings here.

However, petitioner attempts to sidestep this procedural default by summarily appending a statement that counsel was ineffective for failing to object to the ACCA's application. In order to establish ineffective assistance of counsel, petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " United States v. Fugit, 703 F.3d 248, 259 (4th Cir.2012) (quoting Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984)). There is a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

---

5 (DE 116-8) (state court judgment reflecting petitioner's conviction for assault with a deadly weapon inflicting serious injury as Class H felony); Pet.'s Ex. 12 (DE 116-16) (state court judgment reflecting petitioner's two convictions for possession with intent to sell or deliver cocaine as Class H felonies).

Under North Carolina's Fair Sentencing Act, N.C. Gen. Stat. §§ 15A-1340.1 to -1340.7, the presumptive sentence for a Class H felony was three years in prison, with a maximum sentence of ten years. United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (citing State v. Lawrence, 193 N.C. App. 220 (2008)). However, the Fair Sentencing Act was repealed effective October 1, 1994, and succeeded by the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.10 to -1340.33. See United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011) (quoting State v. Garnett, 209 N.C. App. 537, 549-50 (2011)). The Structured Sentencing Act provides a range of maximum sentences, depending on a defendant's prior record level, felony class, and whether the prior conviction was "aggravated" or "mitigated." N.C. Gen. Stat. § 15A-1340.17(c) and (d). Under the Structured Sentencing Act, the maximum penalty that could apply to an aggravated Class H felony with the highest prior record level is 39 months. See N.C. Gen. Stat. § 15A-1340.17(d).

10

Case 5:07-cr-00006-FL   Document 133   Filed 06/11/15   Page 10 of 18

Petitioner has not shown that counsel's performance in failing to advance an equal protection claim fell below an objective standard of unreasonableness, because his equal protection argument lacks merit.

> Whether embodied in the Fourteenth Amendment or inferred from the Fifth, equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993).

Petitioner does not argue that the statute "proceeds along suspect lines" or "infringes [a] fundamental constitutional right," and the court does not find either of these circumstances present. Thus, the "rational basis" test applies.

The Fourth Circuit has previously upheld ACCA on rational basis review against the argument that the statute's use of state definitions for predicate offenses violates equal protection:

> Congress is not constitutionally prohibited from leaving some aspects of federal statutes to the judgment of individual states. It is not irrational for Congress to defer to state law with regard to the characteristics of a prior offense, and doing so is no more intentionally arbitrary than our system of federalism itself.

United States v. Lender, 985 F.2d 151, 156 n. * (4th Cir. 1993) (citations omitted). The Fourth Circuit has likewise found that ACCA "is rationally related to a valid purpose of criminal law–incapacitation [of criminal repeat offenders]–and therefore does not violate the Equal Protection Clause of the Constitution." United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

Lender and Presley dispose of petitioner's present objections. In order to incapacitate repeat criminal offenders, Congress chose to punish certain individuals more severely, and elected to identify those individuals with reference to the term of imprisonment. It also decided to defer to the states' determinations of what kind of violations warranted that term of imprisonment. Both of these

11

decisions were rational. The fact that North Carolina subjected certain drug offenses to more severe penalties than other jurisdictions does not affect the rational grounds of Congress's decisions. Nor were these rational decisions somehow made irrational by North Carolina's subsequent decision to revamp its sentencing structure in October 1994. The consequences of Congress's decisions may strike petitioner as unfair, but they are not unconstitutional.

Because petitioner's equal protection claim lacks merit, counsel was not unreasonable in failing to assert the argument. Nor did the failure to raise this argument cause petitioner prejudice. Petitioner's motion to vacate is denied to the extent it rests on the argument that ACCA violated equal protection.

   c.  Consolidated State Convictions

Petitioner next argues that the application of ACCA to his case was improper because his prior "serious drug offenses" should not have been considered separately, but rather should have counted as a single predicate offense. The Fourth Circuit summarily rejected this argument in petitioner's original appeal. Adams, No. 07-4993, Appellant's Opening Br., 42-43 (DE 40); Adams, 378 F. App'x at 305 (rejecting argument). However, petitioner contends that the case of United States v. Davis, 720 F.3d 215 (4th Cir. 2013), represents an intervening change in law.

Petitioner's legal argument fails to mark the important distinction between a "career offender" and an "Armed Career Criminal." Davis considered application of the "career offender enhancement," which is found in section 4B1.1 of the United States Sentencing Guidelines. Davis, 720 F.3d at 217. Section 4B1.1 seeks to implement Congress's directive that the Sentencing Commission "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for defendants convicted of certain specified felonies. 28 U.S.C. § 994(h); U.S.S.G. § 4B1.1, Background Cmt. A defendant is a "career offender" if

12

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a).

As Davis noted, the term "two prior felony convictions" as it appears in prong (3) has a specific defined meaning, which is met when "(1) the defendant has previously sustained at least two felony convictions of either a crime of violence or a controlled substance offense; *and* (2) 'the *sentences* for at least two of the aforementioned felony convictions are counted separately.'" Davis, 720 F.3d at 217 (quoting U.S.S.G. § 4B1.2(c)). Based on this language, the court held that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement." Davis, 720 F.3d at 216.

ACCA does not include section 4B1.2(c)'s reference to separate sentences. "Nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses. The only requirement [for applying the ACCA] is that the predicate offenses 'be committed on occasions different from one another.'" United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir.1992) (citations omitted). Accordingly, the Fourth Circuit has repeatedly refused to apply Davis to ACCA analysis. United States v. Crudup, 598 F. App'x 208, 209 (4th Cir. 2015); United States v. Bruton, 598 F. App'x 91, 92 (4th Cir. 2014); United States v. Carr, 583 F. App'x 226, 226-27 (4th Cir. 2014); United States v. Benn, 572 F. App'x 167, 181 (4th Cir. 2014). While unpublished decisions are not binding in this Circuit, Minor v. Bostwick Labs, Inc., 669 F.3d 428, 434 (4th Cir. 2012), the reasoning of these cases is nevertheless persuasive to this court, and it likewise finds Davis inapplicable. Nor does the court find any merit in petitioner's vague assertion that the distinctions between the definitions of a "career offender"

13

enhancement under U.S.S.G. § 4B1.1 and an Armed Career Criminal under ACCA represent some form of constitutional violation.

Petitioner is also wrong on the facts. He contends that all three of the "serious drug offenses" used as predicates at his sentencing were consolidated in a single judgment, and submits a record of judgment and commitment dated June 3, 1994. (Pet.'s Ex. 12) (DE 116-16). Yet only two of the predicate offenses used for petitioner's ACCA enhancement are addressed in the consolidated judgment: the two possessions with intent to sell or deliver cocaine. Id. (documenting convictions for 93-CRS-14639 and 94-CRS-7662) (DE 116-16); see PSR, ¶¶ 10-11. The third conviction which appears on the judgment, possession of heroin (94-CRS-7661), was only subject to a five year maximum term and was not considered a separate "serious drug offense" for purposes of applying ACCA. Id., PSR ¶ 10. Rather, the third predicate conviction used as the basis of petitioner's ACCA enhancement was for possession with intent to sell and deliver heroin (94-CRS-10406). PSR, ¶ 11. Thus, petitioner still would have two "serious drug offenses" to stand as the basis for his predicate convictions, even if his consolidated convictions did count as only one offense.

This determination dooms the factual basis for petitioner's argument under Davis. As noted, petitioner's ACCA enhancement was based on finding four predicate convictions. In addition to petitioner's "serious drug offenses," petitioner's conviction for assault with a deadly weapon inflicting serious injury was found a "violent felony" for purposes of applying the ACCA enhancement. See PSR, ¶¶ 5, 41. Even if the two cocaine offenses documented in the consolidated judgment are considered as a single predicate conviction for purposes of ACCA, petitioner would have two state convictions for "serious drug offenses," and a third state conviction for a "violent felony." ACCA would be satisfied. See 18 U.S.C. § 924(e)(1). Any error in counting consolidated

14

convictions would be harmless. See United States v. Adams, 457 F. App'x 338, 340 (4th Cir. 2011) ("Adams argues that his South Carolina ABHAN conviction should not have been considered a violent felony. We need not resolve this issue because we find that Adams had more than the requisite number of violent felony convictions to be sentenced as an armed career criminal."); United States v. Blitchington, 378 F. App'x 346, 348 (4th Cir. 2010) ("[B]ecause Blitchington has three other qualifying convictions [besides a conviction that should not have counted under ACCA], the error is harmless.").

Accordingly, petitioner's motion to vacate is denied to the extent it rests on an equal protection violation.

    d.  Validity of Predicate Convictions

Petitioner next argues that the state law predicate offenses used as the basis for his ACCA classification were invalid because he received ineffective assistance of counsel with respect to those state law convictions and was not properly advised of the consequences of his plea, rendering his guilty plea involuntary. As above, the argument is procedurally defaulted because petitioner failed to raise it in either of his appeals, and fails to show cause and prejudice or actual innocence. See Bousley, 523 U.S. at 622.

His argument fails as a substantive matter as well. With the sole exception of convictions obtained in violation of the right to counsel, petitioner has no right to collaterally attack his prior state convictions. Custis v. United States, 511 U.S. 485, 487 (1994); see Daniels v. United States, 532 U.S. 374, 378-383 (2001) (extending Custis to section 2255 proceedings). The "right to counsel" to which Custis and Daniels refer is not a right to *effective* counsel, but the right to court-appointed counsel established by Gideon v. Wainwright, 372 U.S. 335 (1963). In Custis the Court explained that "failure to appoint counsel for an indigent defendant was a unique defect" implicating

15

the jurisdiction of the convicting court in a manner that distinguished such defect from other errors, including lack of a knowing and voluntary guilty plea or the denial of the effective assistance of counsel. Custis, 511 U.S. at 496. The Court also noted that isolating the right to counsel as the sole exception for collateral attack would serve administrative interests because such a shortcoming would generally appear from the judgment roll or minute order documenting the conviction, while claims of involuntary guilty pleas or ineffective assistance "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records." Id. Finally, the interest in promoting the finality of judgments supported the narrow ground of collateral attack. Id. In Daniels the Court extended Custis, clarifying that section 2255 did not allow a defendant to challenge his prior state convictions on the basis of inadequate guilty pleas or ineffective assistance of counsel. Daniels, 532 U.S. at 384.

Petitioner argues that effective assistance of counsel should include the right to be advised of the consequences of his state court convictions under ACCA before he pleaded guilty to them. Even assuming he had such a right, ineffective assistance would not be grounds for collateral attack of those prior state convictions under section 2255. Nothing in the Supreme Court cases cited by petitioner overrules the holdings in Custis and Daniels. Accordingly, petitioner's challenge to the validity of his prior state court convictions is foreclosed.

3. Counsel's Failure to Timely-File Suppression Motion

Finally, in addition to his ACCA challenges, petitioner objects that his previous counsel provided ineffective assistance before this court, with respect to the instant convictions under 18 U.S.C. § 922(g)(1) and 924 and 21 U.S.C. § 844(a). Petitioner argues that his counsel was ineffective in failing to timely file a motion to suppress. He contends that the failure to file a motion to suppress cost him his "window of opportunity to secure a plea bargain" and that there was "a

16

prime opportunity to negotiate a case after a motion to suppress has been filed, but before it is heard." (Pet.'s Resp., 9) (DE 126). He further argues that, "if a motion to suppress had been [timely] filed, the government and defense counsel would have been in a different position than there in at [sic] any other time during the case." (Obj., 13) (DE 132-1).

This argument again fails on procedural grounds. Petitioner already raised a claim of ineffective assistance for failure to timely file a motion to suppress in his original appeal to the Fourth Circuit, which the Fourth Circuit rebuffed. Adams, No. 07-4993, Opening Br. 28-31; Adams, 378 F. App'x at 305. To the extent he now asserts a different argument to support the claim, such argument would be procedurally defaulted. See Bousley, 523 U.S. at 622.

At any rate, the claim fails on substantive grounds as well. As noted, a claim for ineffective assistance of counsel requires petitioner to show "that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Fugit, 703 F.3d at 259. Petitioner's speculative allegations regarding the prospect of more favorable circumstances for plea bargaining are not enough to show a "reasonable probability" of a different outcome. This is particularly true in light of the fact that the motion to suppress was actually heard and rejected, undercutting petitioner's claims that the threat of suppression would have afforded him substantial bargaining power.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on

collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge (DE 129), GRANTS the government's motion to dismiss (DE 124), and DISMISSES petitioner's motion to vacate (DE 114, 116, 119). A certificate of appealability is DENIED.

SO ORDERED, this 11th day of June, 2015.

LOUISE W. FLANAGAN  
United States District Judge