IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-6-FL1
No. 5:16-CV-524-FL

| | | |
|---|---|---|
| DEONTRAYVIA ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's "motion for resentencing under Mathis v. United States" (DE 162). Petitioner's argument, that the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016) is retroactive and invalidates certain North Carolina criminal statutes, is an argument, in fact, to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255.

Petitioner previously filed a § 2255 motion on May 28, 2013 (DE 114), which the court dismissed by order entered June 11, 2015 (DE 133). Petitioner previously filed an additional § 2255 motion on June 24, 2016 (DE 146), which the court dismissed for lack of jurisdiction by order entered September 22, 2016 (DE 159), following an order issued by the Court of Appeals for the Fourth Circuit denying petitioner's application for authorization to file a second or successive § 2255 application (DE 149). Petitioner filed the instant § 2255 motion before this court on June 26, 2017 (DE 162), and filed a motion for authorization to file a second or successive § 2255 with the Court of Appeals for the Fourth Circuit on June 27, 2017. On July 18, 2017, the Fourth Circuit

denied petitioner's second application to that court for authorization to file a second or successive § 2255 motion. See In re: Deontrayvia Adams, No. 17-300 (4th Cir.).

When petitioner again seeks relief from petitioner's original judgment of conviction in the present § 2255 motion, the court must treat the motion as a successive § 2255 application. See United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003). A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

This court does not have jurisdiction over petitioner's motion because the Fourth Circuit did not authorize petitioner's motion. This court also does not have jurisdiction over petitioner's motion if, as petitioner argues, the claim presented in the present motion is different than the claim presented in the motion that was before the Fourth Circuit because petitioner did not receive authorization from the Fourth Circuit to file his present claim.

Thus, petitioner's § 2255 motion, named "motion for resentencing under Mathis v. United States" (DE 162), is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this the 24th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge